UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

VITALIY LAHNO, and FELIPE
MEKHITARIAN,

    Plaintiffs,

vs.
                                              **JURY TRIAL DEMANDED**

CARPACCIO, INC., a Florida corporation,
PIERO FILPI, an individual, and
MANUEL PAUCAR, an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, VITALIY LAHNO, and FELIPE MEKHITARIAN, sue the Defendants, CARPACCIO, INC., a Florida corporation, PIERO FILPI, an individual, and MANUEL PAUCAR, an individual, and state as follows:

**INTRODUCTION**

1. This is an action to recover monetary damages in the form of unpaid overtime and minimum wages and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et seq.*, 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in

commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants' business consists of a restaurant which serves food and beverages. Plaintiffs' work involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in Defendants' business.

4. Upon information and belief, the Defendant corporation has an annual gross volume of sales made or business done of not less than $500,000.

## VENUE

5. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida;

   b. At all times material hereto, Defendants were and continue to be a Florida corporation and individuals doing business within this judicial district.

   c. Defendants employed Plaintiff, and others similarly situated servers and busboys, in the Southern District of Florida.

## PARTIES

6. At all times material hereto, Plaintiffs, were and continue to be residents living within the Southern District of Florida, and were "employees" of the Defendants within the meaning of the FLSA.

7. CARPACCIO was, and continues to be, a Florida corporation engaged in the transaction of business in Bal Harbour, Florida. It operates as a restaurant.

8. FILPI and PAUCAR are owners and operators of CARPACCIO restaurant.

## STATEMENT OF FACTS

9. As part of their business, and during all times material hereto, the Defendants operated a restaurants called CARPACCIO. In that restaurant, the Defendants employ food and beverage servers and busboys.

10. The Plaintiff, LAHNO, was employed by Defendants from or about March or April 2010 to about January 2011. LAHNO initially worked in the position of busboy, and then worked in the position of food and beverage server.

11. The Plaintiff, MEKHITARIAN, was employed by Defendants from on or about June 2010 to on or about January 2011. MEKHITARIAN worked in the position of busboy.

12. During all material times, FILPI was involved in the day-to-day operations of CARPACCIO.

13. Decisions of significance regarding CARPACCIO'S operations went through FILPI.

14. FILPI was directly involved in the decision related to the wages of servers at CARPACCIO, including the Plaintiffs.

15. During all material times, PAUCAR was involved in the day-to-day operations of CARPACCIO.

16. Decisions of significance regarding CARPACCIO'S operations went through PAUCAR.

17. At all times material hereto, Defendants, FILPI and PAUCAR held a supervisory role, including but not limited attending server and/or busboy meetings.

18. Defendants, FILPI and PAUCAR, were directly involved in decisions affecting employee compensation and /or hours worked by the Plaintiffs and others.

19. At all times material hereto, Defendants conducted substantial and continuous business in the Southern District of Florida.

20. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

21. The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

22. The Plaintiffs has retained Bober & Bober, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees and costs.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)
*AS TO PLAINTIFF LAHNO, ONLY*

23. The Plaintiff LAHNO re-alleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The Plaintiff LAHNO's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

25. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

26. The Plaintiff LAHNO was and hourly paid, "tipped" employees.

27. During the Plaintiff LAHNO'S employment, Defendants claimed a "tip credit" of $3.02 for the Plaintiff LAHNO, and paid the Plaintiff LAHNO below the applicable federal minimum wage.

28. To be able to claim a tip credit, an employer must meet certain eligibility requirements of the FLSA for taking a tip credit.

29. Among other things, in order for Defendants to claim a "tip credit,"
   a. the tipped employees must be able to retain all tips received from customers, or pool their tips with other employees eligible to receive tips (i.e. "tipped employees");
   b. an employer must pay the tipped employee at least a direct wage of $2.13 per hour under federal law (i.e. the "tip credit" minimum wage) for all hours worked; and,
   c. Defendants must inform the tipped employee of the restaurant's intent to take a tip credit against payment of the full minimum wage.

30. During the Plaintiff LAHNO's employment, and pursuant to Defendants' policy or practice, the Plaintiff LAHNO, and other servers, were encouraged and/or required by management to share a portion of the tips received from customers with the coffee station attendants and employees known as "rollers."

31. Employees such as the coffee station attendants and the roller are "back of the house" employees who are not eligible to share in the tips of Plaintiff LAHNO.

32. Defendants were aware of this tip out policy or practice at all times.

33. Defendants' inclusion of the coffee station attendant and the roller in the tip pool invalidated the tip pool.

34. Because Defendants were operating an invalid tip pool, the Defendants were ineligible to take a tip credit against payment of the full minimum wage of $7.25 per hour.

35. Since Defendants were unable to claim a "tip credit," Defendants are required to compensate Plaintiff LAHNO with at least the full FLSA minimum wage for all hours worked where the tip credit was invalid.

36. Defendants knew of the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff and taking a tip credit.

37. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff LAHNO is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, the Plaintiff LAHNO respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable equal to the full minimum wage for each hour worked, minus amounts already paid to LAHNO for wages;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)
*AS TO PLAINTIFFS LAHNO AND MEKITARIAN*

38. The Plaintiffs LAHNO and MEKITARIAN repeat and reallege Paragraphs 1 through 22 as if fully set forth herein.

39. The Plaintiffs' employment with the Defendants was to consist of a normal work week for which they should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

40. During the Plaintiffs' employment, the Plaintiffs worked hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half for all of their hours.

41. Plaintiffs would be required to work more than forty hours per week without getting paid because:

   a. management at CARPACCIO would schedule Plaintiffs for shifts that would require overtime, but not allow those hours to be recorded;

   b. Plaintiffs would be asked to work extra shifts to cover other employees who were absent, but were not allowed to record overtime hours;

   c. management at CARPACCIO would require Plaintiffs to each attend meetings off-the-clock;

42. The Defendants and/or management devised a scheme so that Plaintiffs' time records and paystubs would not show the accurate number of hours work by, among other things:

   a. While working as a server, having Plaintiff LAHNO not clock in until the Plaintiff LAHNO's first customer was seated;

   b. While working as a server, having Plaintiff LAHNO to not clock out during a shift where his hours would have exceeded forty for the week, and then having those hours disappear from his paycheck;

   c. While employed as busboys, having Plaintiffs work off-the-clock when their hours exceeded forty;

d. Reprimanding Plaintiffs if they showed overtime on their paystubs, and telling them they would be suspended if their paystubs showed more than forty hours in a workweek;

43. Defendants' time clock records for Plaintiffs are inadequate and do not accurately reflect the hours worked by Plaintiffs.

44. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

46. Due to the unlawful acts of the Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

47. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff LAHNO and MEKITARIAN respectfully requests that judgment be entered in their favor against the Defendants:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiffs overtime compensation in the amount calculated;

    c. Awarding Plaintiffs liquidated damages in the amount calculated;

    d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiffs post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: April 14, 2011.

                              Respectfully submitted,

                              BOBER & BOBER, P.A.
                              Attorney for Plaintiffs
                              1930 Tyler St.
                              Hollywood, FL 33020
                              (954) 922-2298 (phone)
                              (954) 922-5455 (fax)
                              peter@boberlaw.com
                              samara@boberlaw.com

                            By: <u>s/. Samara Robbins Bober</u>
                              SAMARA ROBBINS BOBER
                              FBN: 0156248
                              PETER BOBER
                              FBN: 0122955